**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

**DEFENDANT'S MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Treviicos Corporation hereby moves this Court for an order compelling Plaintiffs Rhode Island Carpenters Annuity Fund, Rhode Island Carpenters Pension Fund, Rhode Island Carpenters Vacation Fund, Rhode Island Carpenters Health Fund and Donald Lavin to provide more responsive answers to Defendant's first set of interrogatories within ten (10) days and striking all objections thereto.

In support of its motion, Defendant submits the attached memorandum.

Defendant,
By its Attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esquire #0783
Jennifer Cervenka, Esquire #6340
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

## CERTIFICATION

I hereby certify that on this 10th day of November, 2005, I sent a copy of the within document to the following via first class mail.

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

# 3371340_v1

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds,<br>Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION,<br>Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Defendant Treviicos Corporation moves to compel the Plaintiffs to provide more responsive answers and strike all objections to the following interrogatories:

**5.** Identify any action taken by the individuals identified in response to the previous interrogatory to authorize the initiation of this litigation, including in your answer identification of any and all documents that recorded or memorialized such action.

**ANSWER**: Objection: the interrogatory seeks discovery of information which is not likely to lead to admissible evidence and seeks information protected by the attorney client privilege and work product doctrine.

**ARGUMENT:** This action was instituted in the name of the Funds themselves, not the fiduciaries. The Funds themselves are not proper parties under the Employee Retirement Income Security Program ("ERISA") to bring this action. That the trustees did not bring the action raises a serious question as to the capacity of these Funds to maintain this action. As such, the trustees' authorization of the within lawsuit is relevant to the issue of Plaintiffs' standing.

**7.** Identify all communications between the Fund and Rhode Island Carpenters Local 94 ("Local 94") with respect to the subject matter of this litigation and the decision by the Fund to institute and prosecute this action.

**ANSWER:** Objection: the interrogatory seeks discovery of information which is not likely to lead to admissible evidence and seeks information protected by the attorney client privilege and work product doctrine.

**ARGUMENT:** Non-privileged communications between the Carpenters Union Local 94 nd Plaintiffs are relevant to the issue of standing and whether the within lawsuit is being prosecuted on behalf of a fiduciary, beneficiary, employer, or plan participant, the four classes of persons who can maintain an action for relief under ERISA.

**9.** Identify all prior civil actions or proceedings similar to the instant litigation in which the Fund has sought to recover contributions for work that was performed by an individual who was not a member of Council 94.

**ANSWER:** Objection. The interrogatory is overbroad and seeks information not likely to lead to admissible evidence.

**ARGUMENT:** In the within lawsuit, Plaintiffs are attempting to recover contributions for work performed by persons who are not members of a carpenters union even though the Plaintiff Funds only pay out benefits for members of carpenters unions, including Council 94. Plaintiffs theory of recovery is based on an interpretation of the collective bargaining agreement at issue in this case. To the extent that the collective bargaining agreement is found to be ambiguous, then the Plaintiffs' prior course of action in interpreting that agreement is relevant.

**24.** Identify the individuals for whom payments which the Fund seek[s] to recovery [sic] from the defendant in this action will be held in trust, and how the payments will be accounted for and distributed.

**ANSWER:** Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**ARGUMENT:** In the within lawsuit, Plaintiffs are attempting to recover contributions for work performed by persons who are not members of a carpenters union even though the Plaintiff Funds only pay out benefits for members of carpenters unions, including Council 94. The interrogatory is relevant to the issue of the authority, if any, of the Funds to receive and apply contributions on behalf of non-members for the benefit of the carpenters union members.

Defendant,
By its Attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esquire #0783
Jennifer Cervenka, Esquire #6340
One Financial Plaza, Suite 1800
Providence, Rhode Island 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

## CERTIFICATION

I hereby certify that on this 10th day of November, 2005, I sent a copy of the within document to the following via first class mail.

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852