**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiffs hereby object to Defendant's Motion to Compel Further Responses to Defendant's First Set of Document Requests for the reasons set forth in their Memorandum of Law, attached hereto.

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Jennifer Cervenka, HOLLAND & KNIGHT LLP, One Financial Plaza, Suite 1800, Providence, RI 02903 on this 23 day of November, 2005.

Kerrie Kaminski

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Plaintiffs hereby object to Defendant's Motion to Compel Further Responses to Defendant's First Set of Document Requests. Plaintiffs raise legitimate objections to Defendant's requests; accordingly, Plaintiffs request that Defendant's Motion be denied.

**REQUEST NO. 1:**

All documents that relate to the decision of each plaintiff to initiate this litigation.

**RESPONSE NO. 1:**

Objection: the request seeks discovery of information which is not likely to lead to admissible evidence and seeks information protected by the attorney client privilege and work produce doctrine.

**DEFENDANT'S ARGUMENT**

This action was instituted in the name of the Funds themselves, not the fiduciaries. The Funds themselves are not proper parties under ERISA to bring this action. That the trustee did not bring the action raises a serious question as to the capacity of these Funds to maintain this action. Under the applicable Declaration of Agreement and Trusts, the trustees establish and enforce the system for payment of contributions and payroll reports on behalf of the carpenters. Those same agreements specify that all actions by trustees are made by majority vote at meetings, written instrument signed by all trustees, or decision of an impartial umpire. Therefore, non-privileged documents evidencing any action with respect to this lawsuit are relevant to the Funds' standing.

**PLAINTIFFS' RESPONSE**

Under ERISA, the Funds and its administrator may bring suit to enforce delinquent contributions. However, to the extent Defendant seeks evidence that the trustees authorized this lawsuit, Plaintiffs have agreed to produce the redacted minutes of the trustees' meeting whereby the trustees authorized this litigation. Any correspondence between the trustees and/or the co-administrator and their attorneys is, of course, protected by the attorney-client privilege.

**REQUEST NO. 2:**

All minutes of the meetings of the Trustees (or other governing board or committee) of each plaintiff fund at which this litigation was discussed, authorized and/or approved.

**RESPONSE NO. 2:**

Objection: the request seeks discovery of information which is not likely to lead to admissible evidence.

**DEFENDANT'S ARGUMENT**

See Argument on Answer No. 1, above.

**PLAINTIFFS' RESPONSE**

Plaintiffs have agreed to produce the redacted minutes of the trustees' meeting whereby the trustees authorized this litigation.

**REQUEST NO. 3:**

All documents constituting, describing, reflecting, explaining, or otherwise referring or relating to any communications between the Funds and Lavin, on the one hand, and Local 94 in connection with the monies claimed to be due in this Complaint.

**RESPONSE NO. 3:**

Objection: the request seeks discovery of information which is not likely to lead to admissible evidence.

**DEFENDANT'S ARGUMENT**

Plaintiff Funds claim that they are due money for work that should have been performed by Local 94 at the Warwick Wastewater Treatment facility. Any contributions made to the Funds are for the benefit of members of Local 94. Because Local 94 is an interested party in the current dispute, Defendant is entitled to any communications between Local 94 and Plaintiff Funds.

**PLAINTIFFS' RESPONSE**

Local 94 is not an interested party in this dispute. Nor is Local 94 a beneficiary of this suit. Some union members may benefit from this suit not because they are union members, but because they may be eligible participants under the plan document. Obviously, eligible beneficiaries of the Funds may benefit from this litigation. That's the whole point of the litigation. However, that these beneficiaries may also be union members in no way makes the union an interested party in this suit. Consequently, any communications between the union and the Fund are not relevant to the instant dispute. Nor are communications between union members and the Funds relevant, here.

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Jennifer Cervenka, HOLLAND & KNIGHT LLP, One Financial Plaza, Suite 1800, Providence, RI 02903 on this 23 day of November, 2005.

Kerrie L Kaunsh