**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiffs hereby object to Defendant's Motion to Compel Further Answers to Defendant's Interrogatories for the reasons set forth in their Memorandum of Law, attached hereto.

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Jennifer Cervenka, HOLLAND & KNIGHT LLP, One Financial Plaza, Suite 1800, Providence, RI 02903 on this 23 day of November, 2005.

Kerrie L Kawecki

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiffs hereby object to Defendant's Motion to Compel Further Answers to Defendant's Interrogatories. Plaintiffs raise legitimate objections to Defendant's requests; accordingly, Plaintiffs request that Defendant's Motion be denied.

**INTERROGATORY NO. 5:**

Identify any action taken by the individuals identified in response to the previous interrogatory to authorize the initiation of this litigation, including in your answer identification of any and all documents that recorded or memorialized such action.

**ANSWER NO. 5:**

Objection: the interrogatory seeks discovery of information which is not likely to lead to admissible evidence and seeks information protected by the attorney client privilege and work produce doctrine.

**DEFENDANT'S ARGUMENT**

This action was instituted in the name of the Funds themselves, not the fiduciaries. The Funds themselves are not proper parties under ERISA to bring this action. That the trustee did not bring the action raises a serious question as to the capacity of these Funds to maintain this action. As such, the trustees' authorization of the within lawsuit is relevant to the issue of Plaintiffs' standing.

**PLAINTIFFS' RESPONSE**

Under ERISA, the Funds and its administrator may bring suit to enforce delinquent contributions. However, to the extent Defendant seeks evidence that the trustees authorized this lawsuit, Plaintiffs have agreed to produce the redacted minutes of the trustees' meeting whereby the trustees authorized this litigation. Any correspondence between the trustees and/or the co-administrator and their attorneys is, of course, protected by the attorney-client privilege.

**INTERROGATORY NO. 7:**

Identify all communications between the Fund and Rhode Island Carpenters Local 94 ("Local 94") with respect to the subject of this litigation and the decision by the Fund to institute and prosecute this action.

**ANSWER NO. 7:**

Objection: the interrogatory seeks discovery of information which is not likely to lead to admissible evidence and seeks information protected by the attorney client privilege and work produce doctrine.

**DEFENDANT'S ARGUMENT**

Non-privileged communications between the Carpenters Union Local 94 and Plaintiffs are relevant to the issue of standing and whether the within lawsuit is being prosecuted on behalf of a fiduciary, beneficiary, employer, or plan participant, the four classes of persons who can maintain an action for relief under ERISA.

**PLAINTIFFS' RESPONSE**

Local 94 is not a party to this suit. Nor does Local 94 have the authority to authorize the Funds to prosecute this action. Finally, Local 94 is not a fiduciary, beneficiary, employer or plan participant. Thus, Plaintiffs fail to see how communications between Local 94 and the Funds are relevant to the issue of standing.

**INTERROGATORY NO. 9:**

Identify all prior civil actions or proceedings similar to the instant litigation in which the Fund has sought to recover contributions for work that was performed by an individual who was not a member of Council 94.

**ANSWER NO. 9:**

Objection. The interrogatory is overbroad and seeks information not likely to lead to admissible evidence.

**DEFENDANT'S ARGUMENT**

In the within lawsuit, Plaintiffs are attempting to recover contributions for work performed by persons who are not members of a carpenters union even though the Plaintiff Funds only pay out benefits for members of carpenters unions, including Council 94. Plaintiffs theory of recovery is based on an interpretation of the collective bargaining agreement at issue in this case. To the extent that the collective bargaining

agreement is found to be ambiguous, then the Plaintiffs' prior course of action in interpreting that agreement is relevant.

**PLAINTIFFS' RESPONSE**

Defendant's request is overbroad in that it includes no time limit. Moreover, in order to answer said interrogatory, Plaintiffs would have to perform a search on Lexis or Pacer in order to discover which cases were similar to the instant one. The burden of deriving or ascertaining the answer is substantially the same for Defendant as it is for Plaintiffs. Thus, the burden of discovering the cases falls on Defendant.

**INTERROGATORY NO. 24:**

Identify the individuals for whom payments which the Fund seek [sic] to recovery [sic] from the defendant in this action will be held in trust, and how the payments will be accounted for and distributed.

**ANSWER NO. 24:**

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S ARGUMENT**

In the within lawsuit, Plaintiffs are attempting to recover contributions for work performed by persons who are not members of a carpenters union even though the Plaintiff Funds only pay out benefits for members of carpenters unions, including Council 94. The interrogatory is relevant to the issue of the authority, if any, of the Fund to receive and apply contributions on behalf of non-members for the benefit of the carpenters union members.

**PLAINTIFFS' RESPONSE**

How the Funds choose to distribute benefits has no bearing whatsoever on Defendant's duty to comply with the collective bargaining unit. The fact is, Defendant owes contributions on behalf of all of its employees who performed covered work. Whether or not Defendant believes the contract is "fair" is irrelevant. It signed the contract and must now abide by it. Moreover, Defendant has no standing to dispute how benefits are distributed. Only Fund participants and/or beneficiaries have such standing. Finally, contrary to Defendant's contention, pursuant to the Trust Agreements, the Funds may distribute benefits to non-union members. However, again, whether or not they chose to is not relevant to this litigation.

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq.
Marc B. Gursky, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to Jennifer Cervenka, HOLLAND & KNIGHT LLP, One Financial Plaza, Suite 1800, Providence, RI 02903 on this 23 day of November, 2005.

Jennie Kamski