**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFFS' STATEMENT OF GENUINE ISSUES OF MATERIAL FACT**

Pursuant to Local Rule 12.1, Plaintiffs submit their Statement of Genuine Issues of Material Fact.[1] This Statement is submitted in opposition to Defendant's Motion for Summary Judgment. The numbered paragraphs below correspond to Defendant's Statement of Undisputed Facts:

18, 19. Trevi Icos failed to submit all required payroll records, and make all required benefits plan contributions (to the plaintiff funds), for the carpenters whom it employed in its work on the Project. See Plaintiffs' Answers to Defendant's Interrogatory Answers, ¶ 12-17. Exhibit 1.

[1] The facts in dispute are derived from (a) Plaintiffs' Interrogatory Answers attached as Exhibit 1 to Plaintiffs' Objection to Motion for Summary Judgment; (b) The Trust Agreements, attached as Exhibits A through D to Defendant's Motion for Summary Judgment; (c) The Collective Bargaining Agreements, attached as Exhibits F and G to Defendant's Motion for Summary Judgment; and (d) The Affidavit of David Palmisciano, attached as Exhibit H to Defendant's Motion for Summary Judgment.

21. William Holmes, David Palmisciano, Thomas Savoie, Paul Lander, David Rampone, Sean McMullen, David Maron, Thomas Purcell are fiduciaries of the Plaintiff Funds. See Exhibit 1, ¶ 4. Said fiduciaries brought this action in the name of the Funds. Also, Donald Lavin, Co-Administrator of the Funds, is a fiduciary of the Funds. Exhibit 1, ¶ 3.

22. Donald Lavin, in his capacity as Co-Administrator of the Funds, has discretionary responsibility in the administration of the plan. See Exhibits A, B and C at Section 3.13.

In addition, the following facts are in dispute:

1. The CBAs require contributions to be paid on behalf of "carpenters." Exhibit F at Article X, Exhibit G at Article XII.

2. The CBAs define carpenters according to the type of work they perform, not their union membership. See Exhibit F at Article I, Exhibit G at Article II, and Aff. of David Palmisciano, Exhibit 2 ¶¶ 7-8.

3. Local 94's jurisdiction extends over all covered work, regardless of whether the employees performing the work are union members. See Exhibit F at Article I and Exhibit G at Articles II and III.

4. The CBAs require all employees covered by it to become and remain members of Local 94. See Exhibit F at Article III and Exhibit G at Articles V.

5. The CBAs require contributions to be made on behalf of all employees performing covered work, irrespective of union status. Exhibit F at Article X, Exhibit G at Article XII.

Rhode Island Carpenters
Annuity Fund, et. al.,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc B. Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

## CERTIFICATION

I hereby certify that a true copy of the within document was sent by regular mail, postage prepaid, to R. Daniel Prentiss, R. Daniel Prentiss, P.C., One Financial Plaza, Suite 1800, Providence, RI 02903 on this 21 day of April, 2006.