UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

**AMENDED PRETRIAL MEMORANDUM OF DEFENDANT TREVI ICOS CORPORATION**

**FACTUAL BACKGROUND**

The plaintiffs are four employee benefit funds administered for the benefit of members of a labor union, Rhode Island Carpenters Local 94 ("Carpenters Union"), and a co-administrator of those funds. The defendant Trevi Icos Corporation ("Trevi Icos") is a construction contractor based in Massachusetts that specializes in the construction of large foundations. Trevi Icos is party to collective bargaining agreements with labor unions through its membership in the Foundation and Marine Contractors' Association ("FMCA"), a Massachusetts organization. Pursuant to collective bargaining agreements to which Trevi Icos is a party through its membership in FMCA, when Trevi Icos performs work in Rhode Island that requires the employment of carpenters, Trevi Icos is

subject to two collective bargaining agreements with the Rhode Island Carpenters Local 94: a contract between the Union and the Labor Relations Division of the Associated General Contractors of Rhode Island, Inc. ("AGC CBA"), and a contract between the Union and with the Construction Industries of Rhode Island ("CIRI CBA").

This action was brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.* The plaintiffs assert that while engaged in subcontracting work for the construction of substantial improvements to the Warwick sewage treatment plant, Trevi Icos employed persons from the Laborers International Union of North America ("Laborers' Union") to perform work that the plaintiffs claim should have been given to the Carpenters' Union. The work in question involved the operation of a piece of heavy equipment (known as the "CM-120") that drills holes for the construction of secant piles. The plaintiffs contend that some unspecified work associated with the operation of the CM-120 should have been performed by members of the Carpenters' Union, rather than members of the Laborers Union. The plaintiff employee benefit funds demand that Trevi Icos make contributions to them work that they claim to be Union work which was performed by Laborers Union members, but have never identified the exact work or the hours on which they base their claim.

**ELEMENTS OF THE PLAINTIFFS' CLAIMS**

I. THE WORK

The plaintiffs must prove that specific work performed by members of the Laborers Union associated with the operation of the CM-120 was intended by the parties to be covered under either the CIRI CBA or the AGC CBA. Trevi Icos expects to call the following witnesses to give testimony on this issue:

Steve Cardi Mr. Cardi will testify that the practice of his company, and the industry area practice, in Massachusetts and Rhode Island, is that the work in question associated with the operation of the CM-120 is drilling work, and that drilling work is assigned to employees represented by the Laborers' Union, not the Carpenters' Union.

Courtney Donaldson Mr. Donaldson will give testimony similar to that of Mr. Cardi. He will testify that the work in question is typically assigned to members of the Laborers' Union without protest from the Carpenters' Union.

John Roma Mr. Roma will give testimony similar to that of Mr. Donaldson. Mr. Roma will also testify that in 2004 the National Labor Relations Board ruled on a grievance filed by the Carpenters' Union to determine a jurisdictional dispute between the Carpenters' Union and the Laborers' Union over work that is essentially the same as the work in question in this litigation. The NLRB ruled that employees represented by the Laborers' Union, and not the Carpenters' Union, were entitled to perform the work. Mr. Roma will further testify that following the issuance of the NLRB decision, the Carpenters' Union withdrew a claim filed with the NLRB for assignment of the same work in a different project.

Paul Grimaldi Mr. Grimaldi will give testimony similar to that of Mr. Donaldson.

Gregory Sanchez Mr. Sanchez will give testimony similar to that of Mr. Donaldson; in addition, he will testify concerning the project on which Trevi Icos was engaged for the Warwick sewage treatment facility, the nature of the CM-120, and the manner in which it is operated, details of the work performed by Trevi Icos, and the facts surrounding the assignment of the work by Trevi Icos for the project.

Elie Aboukheir Mr. Aboukheir will give testimony similar to that of Gregory Sanchez.

Michael Sabitoni Mr. Sabitoni is Business Manager of the Laborers' Local 271, in Rhode Island. He will testify that the uniform area practice is that the work in question is assigned to the Laborers' Union.

Dan Bianco Mr. Bianco is International Representative of the Laborers' Union. He will testify that the uniform industry practice is to assign the work in question to the Laborers', not the Carpenters' Union. He will also testify that the uniform practice is that when two unions have a dispute over the assignment of work on a project, they will arbitrate the dispute to obtain a jurisdictional determination before the fact, rather than placing an employer at risk of double payment.

Anthony Covino Mr. Covino is a contractor with experience in the applicable areas. He will testify that the work in question is routinely assigned to employees represented by the Laborers' Union.

Ken MacLean Mr. MacLean is Business Manager of the Laborers' Union Local 88 in Boston. He will testify that the uniform area practice is that the work in question is assigned to the Laborers' Union.

II. THE CONTRACTS

In *Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.* --- F.Supp.2d ----, 2007 WL 496781 (D.R.I., 2007), this Court held that the AGC and CIRI CBAs are ambiguous as to whether an employer is obligated to make employee benefit contributions to the plaintiffs for work that is proven to be within the Carpenters' Union's jurisdiction, but which was performed by members of another union, for which the

employer made all requisite benefit contributions. The provisions of an ERISA-regulated employee benefit plan are interpreted under principles of federal common law. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987); *see also Nash v. Trustees of Boston Univ.*, 946 F.2d 960, 964 (1st Cir. 1991). In construing the terms of contracts that are governed by federal common law, courts are guided by "common-sense canons of contract interpretation." *Burnham v. Guardian Life Ins. Co.*, 873 F.2d 486, 489 (1st Cir. 1989). Contracts containing unambiguous language must be construed according to their plain and natural meaning. *See id.*

When a contract is determined to be ambiguous, the court must resort to extrinsic evidence to discern the parties' intent. *See Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173 (1st Cir. 1995) ("Exploring the intent of contracting parties often (but not always) involves marshalling facts extrinsic to the language of the contract documents. When this need arises, these facts, together with the reasonable inferences extractable therefrom, are together superimposed on the ambiguous words to reveal the parties' discerned intent." *Id.* at 177.

Hence, the first element of their claim that the plaintiffs must establish is that the parties to the CIRI CBA and the AGC CBA intended them to require that an employer make double employee benefit contributions when it employs members of one trade to perform work that is later determined to have come within the jurisdiction of the Union. Trevi Icos expects to call the following witnesses to give testimony on this issue:

<u>Steve Cardi</u> Mr. Cardi was the head of the Construction Industries of Rhode Island, and negotiated the CIRI CBA on behalf of the members of that group. He will testify that no collective bargaining agreement to which CIRI was a party has ever been

interpreted to require double employee benefit contributions, as the plaintiffs urge in this civil action. He will testify that no representative of the Carpenters' Union made any reference to such an interpretation during the negotiations, or contended that the Carpenters' Union had any intention that the CIRI CBA should be so interpreted. He will testify that if the Carpenters' Union had proposed such an interpretation during the negotiations, he would have insisted on making the contract's language explicit that such an interpretation was not intended by the parties.

Leo Marshall Mr. Marshall was the head of the Associated General Contractors and negotiated the AGC CBA on behalf of that group. He will give testimony that is essentially the same as Mr. Cardi's.

David F. Palmisciano Mr. Palmisciano is the Senior Business Representative of the New England Regional Council of Carpenters[1]. He was authorized by the plaintiffs to give their testimony in response to a deposition notice issued pursuant to Fed. R. Civ. P. 30(b)(6) on the following topics:

- The contents of the [trust agreements];
- The portions of the [CIRI CBA] that support the Health Funds' claims against Defendant;
- The portions of the [AGC CBA] that support the Health Funds' claims against Defendant.

Mr. Palmisciano testified to the meaning that the plaintiffs intended to be given to the "carpenters and apprentices" and "carpenter employee" as contained in the collective bargaining agreements. Palmisciano's testimony constitutes the official position of the Funds. *See Trustees of Bricklayers & Allied Craftworkers, Local 5 New York Retirement,*

---

1 The New England Regional Council of Carpenters is an organizational group within the Brotherhood of Carpenters and Joiners of America (referred to by Mr. Palmisciano as the "International Carpenters Union"); Rhode Island Carpenters Local 94 is a member of the New England Regional Council.

*Welfare, Apprenticeship Training & Journeyman Upgrading & Labor-Management Coalition Funds v. Charles T. Driscoll Masonry Restoration Co., Inc.*, 165 F. Supp. 2d 502, 512 (S.D.N.Y. 2001) (noting that plaintiff funds were bound by the admissions made by president at deposition regarding funds' interpretation of contract terms). *See generally Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (explaining that a Rule 30(b)(6) designee is "speaking for the corporation"); *Taylor v. United States*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (instructing that through its Rule 30(b)(6) representative an entity "provide[s] its interpretation of document"); *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999) (instructing that the Rule 30(b)(6) representative's "statements are generally admissible as an admission of the entity").

III. DAMAGES

The plaintiffs bear the burden of proving the damages to which they would be entitled were they to prevail on the first two elements of their claim. The plaintiffs have never identified the hours or work on which they claim contributions, or provided any specification of their damages. Depending on the evidence that is adduced by the plaintiffs, Trevi Icos may call Mr. Sanchez to provide testimony addressing the persons who were employed by Trevi Icos on the project, the nature of the work they performed, and the number of hours that they performed such work.

IV. EXHIBITS

The exhibits Trevi Icos expects to offer into evidence is set forth in an Appendix to this memorandum.

Respectfully submitted,

TREVIICOS Corporation,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel. 401-824-5150
Fax: 401-824-5181

Pro hac vice

Robert D. City
City Hayes & Dissette
50 Congress Street
Boston, Massachusetts 02109

## CERTIFICATION

I hereby certify that on this 27th day of March, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

Robert D. City
City, Hayes & Dissette, P.C.
50 Congress Street
Suite 200
Boston, MA 02109

Marc B. Gursky
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/R. Daniel Prentiss

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

**APPENDIX - EXHIBITS OF DEFENDANT**
**TREVI ICOS CORPORATION**

1. CM120 Brochure.

2. Photographs of CM120.

3. Payroll Records – 2003.

4. Remittance Reports – 2003.

5. Records of Carpenters Union Contributions for 2003 – 2004.

6. Records of Laborers Union Contributions for 2003 – 2004.

7. Sub-Contractor Agreement between Trevi icos Corporation and Hart Engineering Corporation, dated July 3, 2002.

8. Agreement between Rhode Island State Heavy, Highway and Tunnel Agreement between Construction Industries of Rhode Island and the Rhode Island Laborers' District Council of the

Laborers' International Union of North America, AFL-CIO, effective June 1, 2001 through May 31, 2005.

9. Agreement between International Union of Operating Engineers Local 57, AFL – CIO Providence, Rhode Island and Rhode Island Associated General Contractors (Labor Division), June 1, 2001 – May 31, 2005.

10. Letter from W. Holmes, New England Regional Council of Carpenters to G. Sanchez, Trevi icos, received March 10, 2003.

11. National Labor Relations Board Decision - Laborers International Union of North America, Local 271, AFL-CIO and New England Foundation Co., et al., 341 NLRB No. 70 (March 31, 2004).

12. Arbitration Award - Cardi Corp. v. Carpenters, Local 94, Decision and Award, Case No. 11 300 00566 04 (November 4, 2005, T. Bornstein, Arbitrator).