**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**<u>MOTION IN LIMINE TO EXCLUDE WITNESS TESTIMONY</u>**

Plaintiff Donald Lavin, in his capacity as Co-Administrator of the Rhode Island Carpenters' Benefit Funds, hereby moves to exclude the testimony of the following individuals at the trial in this matter: Steve Cardi, Courtney Donaldson, John Roma, Paul Grimaldi, Michael Sabitoni, Dan Bianco, Anthony Covino, Ken MacLean, and Leo Marshall. The reasons for the Motion are fully set forth in the attached Memorandum of Law in Support of Motion In Limine to Exclude Witness Testimony.

Respectfully submitted,
On behalf of the Plaintiffs,
By their attorney,

/s/ Elizabeth A. Wiens
Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion In Limine on April 10, 2007. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Plaza, Suite 380
Providence, Rhode Island 02903

Elizabeth A. Wiens

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVIICOS CORPORATION, *Defendant*. | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>MOTION IN LIMINE TO EXCLUDE WITNESS TESTIMONY</u>**

Defendant Donald Lavin hereby moves to exclude the testimony of Steve Cardi, Courtney Donaldson, John Roma, Paul Grimaldi, Michael Sabitoni, Dan Bianco, Anthony Covino, Ken MacLean, and Leo Marshall for the reasons set forth below.

The trial of this matter, which was originally scheduled for April 6, 2007, is currently scheduled to begin on April 16, 2007. On March 15, 2007, Defendant filed its Pre-Trial Memorandum listing <u>nine</u> previously unidentified witnesses for trial. Prior to that filing, the aforementioned individuals had never been identified by Defendant as potential witnesses, despite an Interrogatory that specifically requested Defendant to identify each person it intends to call as a witness.

Plaintiffs' Interrogatory No. 2 provides, "State the names and addresses of each and every person whom you intend to call as a witness, and state the substance of what each witness is expected to testify about at a trial on the merits." Defendant responded,

"At this time, no decision has been made as to the witnesses to be called at the trial of this matter. Defendant will supplement its answer to this interrogatory when the witness list has been decided upon." However, Defendant never supplemented its Interrogatory Answer and did not identify the witnesses until a few weeks before trial was scheduled to begin. As a result, Plaintiffs did not have the opportunity to depose any of the individuals or even pose additional discovery to Defendant regarding these individuals. Indeed, none of the aforementioned individuals were even mentioned in passing during the three years the litigation has been pending.

Federal Rules of Civil Procedure 37 (c) provides that

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rules 26(e) provides,

> (e) Supplementation of Disclosures and Responses. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the

time the party's disclosures under Rule 26(a)(3) are due.
(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The supplementation requirement of Rule 26(e) increases the quality and fairness of the trial by ‘narrowing [the] issues and eliminating surprise.” *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985). In order to "ensure that the spirit of open discovery embodied in Rule 26 is not undermined either by evasion or by dilatory tactics," *Thibeault*, 960 F.2d 239, 244 (1st Cir. 1992), the First Circuit looks to a variety of factors in assessing a claim of error under Rule 26. Among the factors to consider are “the ability of the [opposing party] to formulate a response." *Johnson*, 775 F.2d at 8. *See also Thibeaul*t, 960 F.2d at 246, ("The focus of a preclusion [of testimony not previously disclosed to the opposing party] inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure."). In *Johnson*, the First Circuit also noted that part of the purpose of the disclosure and supplementation requirements in Rule 26 was to alleviate "the heavy burden placed on a cross-examiner confronted by an opponent's [witness] whose testimony had just been revealed for the first time in open court." 775 F.2d at 7.[1] To increase the effectiveness of this rule, the Advisory Committee Note suggests that the court may impose sanctions on one who defies the rule, including exclusion of evidence, granting a continuance, or other appropriate action. *See Johnson*, 775 F.2d at 7. *See also Licciardi v. TIG Ins. Group*, 140 F.3d 357 (1st Cir. 1998).

---

[1] While *Johnson* involved the exclusion of “expert” testimony, the same rule applies to any surprise testimony, especially that which involves complex issues such as those involved here.

Because Defendant has, without substantial justification, failed to supplement its interrogatory answers as required by Rule 26(e), Defendant is not permitted to use as evidence at a trial any witness or information not so disclosed. Case law from all over the country, including the First Circuit, supports this. *See Pena-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) ("A party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial. Fed. R. Civ. P. 37(c)(1)."); *Am. Jur. 2d, Depositions and Discovery § 384* (When a party fails to supply names and addresses of such witnesses and then attempts to call a previously unidentified witness at trial, or attempts to call a witness whose previous identification was untimely, the trial court may exclude the witness' testimony.); *Patterson v Balsamico*, 440 F3d 104 (2nd Cir. 2006) (District court's decision to grant plaintiff's motion in limine to preclude testimony of defense witnesses identified for first time shortly before trial was affirmed); *Salamanca v Robert Half Corp.*, 91 BNA FEP Cas 934 (ND Ill 2003) (Because defendant employer failed to "seasonably" supplement its Fed. R. Civ. P. 26 disclosures as to identities of two witnesses, employer was not allowed to use witnesses' testimony pursuant to Fed. R. Civ. P. 37(c)(1) either at trial or for summary judgment.); *Carver v. Salt River Valley Water Users' Ass'n*, 104 Ariz. 513, 515 (Ariz. 1969) (There is precedent under Federal Rules 33 and 37 to exclude a witness' testimony where there has been a failure to disclose); *Thompson v. Calmar Steamship Corp.*, 331 F.2d 657 (3rd Cir. 1964); *Taggart v. Vermont Transportation Co.*, 32 F.R.D. 587, *affirmed* 325 F.2d 1022 (3rd Cir. 1964); *Newsum v. Pennsylvania R. Co.*, 97 F. Supp. 500 (D.N.Y. 1951); *Weinberg v Johnson*, 518 A.2d 985 *(D.C. 1981*) (calling

party never notified the opposing party that he intended to call the witnesses, despite an interrogatory requesting such information, so court excluded witnesses' testimony).

Three of the witnesses Defendant intends to call at trial are apparently representatives of the Laborers' Union and will testify that it is the past practice that the "work in question" be assigned to Laborers. Given the potential biases of these witnesses, Plaintiffs should be given the opportunity to depose these individuals before trial to determine what their testimony will be. Moreover, Plaintiffs have no had the opportunity to investigate the proffered testimony to determine the actual past practice of the Laborers. Accordingly, Plaintiffs cannot possibly adequately prepare to cross-examine these individuals.

Moreover, the proffered testimony of Defendant's nine witnesses will surprise and prejudice Plaintiffs. Plaintiffs do not know what these nine witnesses will testify to. More importantly, Plaintiffs do not have adequate time to depose or even investigate these nine individuals in order to effectively cross examine them. It appears from Defendant's pretrial Memorandum that these individuals will testify about the "uniform area practice" regarding the assignment of work on the CM-120. Because Defendant had given no indication of its intention to call witnesses to testify regarding the industry practice, Plaintiffs did not prepare to have their own rebuttal witnesses to testify regarding the industry practice of assigning pile work to carpenters. Plaintiffs are clearly prejudiced by not having the time to locate and prepare their own witnesses.

Finally, Plaintiffs have no time to check the facts to which these witnesses will testify nor to event check their backgrounds. This is not a case where Defendant inadvertently omitted to disclose the name of a potential witness known to all parties or

failed to list as a trial witness a person so listed by another party. Rather, Plaintiffs had no knowledge of these witnesses prior to the filing of Defendant's pre-trial memorandum. Nor is this a case involving simple eyewitness testimony, e.g. whether the light was red or green. Rather, this case involves complex issues of contract interpretation, industry practice and complicated machinery. For all these reasons, Plaintiffs will be extremely prejudiced if theses nine individuals are allowed to testify at trial.

Respectfully submitted,
On behalf of the Plaintiffs,
By their attorney,

/s/ Elizabeth A. Wiens
Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, R.I. 02852
Tel. (401) 294-4700
Fax. (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Motion In Limine on April 10, 2007. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Plaza, Suite 380
Providence, Rhode Island 02903

Elizabeth A. Wiens