**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds,
Plaintiffs,

v. C.A. No. 04-163S

TREVI ICOS CORPORATION,
Defendant.

**MEMORANDUM IN OPPOSITION TO**
**MOTION IN LIMINE TO EXCLUDE WITNESSES**

This ERISA action is an after-the-fact effort by a carpenter union (Local Union 94 of the New England Regional Council of Carpenters (hereinafter, "Union")) to assert jurisdiction over work that principally involves "mucking out," or removing the spoils created by operation of a drilling rig. The defendant sought summary judgment on several grounds, including that the plaintiff employee benefit funds should be precluded from asserting a union's claim of jurisdiction where the union had failed to make the assertion itself when the opportunity presented itself. This Court on February 15, 2007 issued its decision denying the defendant's motion, holding that the funds' status as separate entities from the union itself protected them from being estopped by the union's failure, however tactical. *Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.* --- F.Supp.2d ----, 2007 WL 496781 (D.R.I., 2007).

This Court's opinion on summary judgment established the parameters of the trial. They included both the construction of the collective bargaining agreement as to the question raised in summary judgment (whether the parties intended that an employer would be subject to double payment of employee benefits to two competing unions in the event that one union elected to pursue its jurisdictional claims through its benefits funds following completion of the work, rather through the jurisdictional dispute procedure set out in the CBA), and whether the work in question was in fact within the jurisdiction of the Union.

The second of these questions has been litigated previously by the Union. In *Laborers International Union of North America, Local 271et al*, NLRB Case No. 1-CD-1036 (Decided March 31, 2004) and *Cardi Corporation v. Carpenters Local 94*, AAA Case No. 11 300 00566 04 (Decided November 4, 2005), the Union asserted that essentially identical work to that involved in this litigation, came within its jurisdiction. *Laborers International* addressed the assignment of the "front end" work associated with the operation of a drilling rig for the installation of "drill shafts," which are deep holes drilled into the earth that are filled with concrete. The front end work includes connecting of hoses, mucking out of drill spoils, and general work ancillary to the operation of the rig itself. The NLRB confirmed the employer's award of the work to the members of the Laborer's union against the Union's protest. *Cardi Corporation v Carpenters Local 94* involved a similar contention on a different project. The fundamental issue in both cases was the area practice for the assignment of front end work that is ancillary to the operation of a drilling rig engaged in the installation of drill shafts. In these two proceedings, Steve Cardi, Courtney Donaldson, John Roma, Paul

Grimaldi, Michael Sabitoni, Dan Bianco, Anthony Covino, and Ken MacLean all gave testimony on this issue, and were extensively cross-examined by counsel for the Union.

Following this Court's February 15, 2007 decision, the Court issued a Notice of Hearing with a Calendar Call set for March 20, 2007. On March 15, 2007, defendant filed its pre-trial memorandum listing Steve Cardi, Courtney Donaldson, John Roma, Paul Grimaldi, Michael Sabitoni, Dan Bianco, Anthony Covino, Leo Marshall, and Ken MacLean as fact witnesses to testify regarding whether the nature of the work in questions was within the jurisdiction of the Union. Nearly one month later, on April 10, 2007, the Union, filed a Motion in Limine seeking to exclude these witnesses. [1]

For the reasons set forth below, defendant has complied with its obligations of disclosure with regard to these witnesses. In any event, the Union cannot show prejudice that would result if these witnesses are permitted to testify and so the Union's motion should be denied.

1. Defendant Has Properly Complied with its Disclosure Obligations under Fed. R. Civ. P. Rule 26(e)

The Union's Interrogatory No. 2 included in the Union's First Set of Interrogatories of July 20, 2005 states, "State the names and address of each and every person whom you intend to call as a witness, and state the substance of what each witness is expected to testify about at a trial on the merits."

The Union's initial interrogatory was clear. It sought defendant's witness list for trial. At the time of the service of the Interrogatory, discovery had just begun, and

[1] As set forth above, all of the witnesses that the Union seeks to exclude, with the exception Leo Marshall, have testified in previous litigation with the Union. The Union is familiar with the nature of Leo Marshall's testimony, as it is essentially the same as that of Steve Cardi, as described in defendant's pre-trial memorandum.

defendant had not yet determined which witnesses it would call for trial. Defendant responded to the Union's Interrogatory No. 2 in its answers served on September 6th, 2005, stating "At this time, no decision has been made as to the witness to be called at the trial of this matter. **Defendant will supplement its answer to this interrogatory when the witness list has been decided upon.**" [Emphasis added].

After initially receiving defendant's response, the Union did not object to the answer. Nor, at any time after receiving defendant's response did the Union request that defendant provide more information. The Union never moved to compel additional information in response to Interrogatory No. 2.

Discovery was ongoing in the case through 2005 and 2006. The scope of the issues to be litigated at trial has remained undetermined until the Court issued its decision of February 15, 2007 in response to defendant's motion for summary judgment. Only after the Court's denial of summary judgment, was defendant able to prepare its actual witness list, as it was unclear what, if any issue, would survive the motion and require testimony. Defendant disclosed its witness list to the Union immediately after it was prepared as part of defendant's pre-trial memorandum.

Fed. R. Civ. P. Rule 26 (e) provides in part:

> (1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and **if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing**. [Emphasis Added].

Rule 26(e) does not require supplementation of interrogatory answers when this information has already been provided in writing to the other party. Here, the Union received the supplemental information through defendant's pre-trial memorandum and

was not required to supplement Interrogatory No. 2. *See Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 42 (D. Md. 2000) (No requirement to provide witnesses list party intends to call at trial until submission of pretrial order and local rules).

2. Exclusion of the Witnesses is Improper

Even assuming defendant did not properly comply with its disclosure obligations, exclusion of the witnesses is improper. Fed. R. Civ. P. Rule 37(c) does not provide for exclusion when the failure to disclose is considered "harmless" or the party failing to make the disclosure had "substantial justification". *Vigilant Insurance v. East Greenwich Oil Co.*, 234 F.R.D. 20, 24 (D.R.I. 2006) "Even if the failure to disclose was not harmless or not substantially justified, exclusion of undisclosed witnesses is not mandatory." *Id.* The exclusion of evidence for failing to strictly adhering to Rule 26(e)(1) is only appropriate when non-disclosure results in material prejudice. *Poulin v. Greer*, 18 F.3d 979, 985 (1st Cir 1994), *Ferrara & DiMecurio v. St. Paul Mercury Insurance Co.,* 240 F.3d 1, 10 (1st Cir. 2001). Precluding evidence from trial is a grave step and not automatic where failure to respond to discovery is not willful. *Poulin* at 985. *See also Johnson v. H. K. Webster, Inc.*, 775 F.2d 1, 8 (1st Cir. 1985); *Trustee of Michigan Regional Council of Carpenters Employee Benefit Fund v. Carpentry Contractors, Inc.*, 203 F.R.D. 247 (E.D. MI 2001), *Bellinger v. Deere & Company*, 881 F. Supp. 813, 817 (N.D.N.Y. 1995) (Exclusion is an extreme sanction which should only be used where lesser sanctions would be ineffective).

Disclosure of the witnesses in the pre-trial order does not harm the Union. The Union has been well aware of the identity of these witnesses and is familiar with their anticipated testimony from prior litigation regarding essentially identical work. All but

one of these witnesses have appeared in litigation with the Union in two separate matters on nearly identical issues regarding jurisdictional disputes between the Laborers' and Carpenters' Unions. The Union has heard the witnesses' prior testimony and has had the opportunity to cross-examine them on these issues. The Union's claim of prejudice is unfounded.

In addition, the Union waited nearly one month after learning of defendant's intention to call the witnesses before moving to exclude them. In that time, the Union has failed to move for a continuance or otherwise reopen discovery (neither of which defendant opposes). Instead, the Union filed its motion to exclude less than a week before trial. Courts look with disfavor upon parties who claim surprise and prejudice but do not ask for a recess to attempt to counter the supposedly surprise testimony. *Massachusetts Inst. of Technology*, 877 F.2d 1106, 1111 (1st Cir. 1989) (quoting *Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 8 (1st Cir. 1985).

Defendant has substantial justification for first disclosing the witnesses in its pre-trial order. As set forth above, the Union's discovery did not call for witness disclosure until defendant determined its witnesses for trial. Defendant informed the Union's choice of witnesses once determined, which was after the resolution of the dispositive motion in the case. Defendant relied upon the Union's lack of objection to its initial answer to Interrogatory No. 2 in September of 2005, in which defendant stated it would provide the information "when the witness list was decided upon."

Nor can the Union cannot show a willful delay in defendant's disclosure of its witnesses. The extreme step of excluding the majority of defendant's witnesses on the eve of trial is unwarranted and unfair. *Poulin* at 985.

CONCLUSION

Defendant has properly complied with its disclosure obligations and has substantial justification for the timing of its disclosure of witnesses. The Union cannot show adequate harm if the witnesses are permitted to testify. The Union's Motion in Limine to Exclude Witness Testimony should be denied.

Respectfully submitted,

TREVIICOS Corporation,
By its attorneys,

**R. DANIEL PRENTISS, P.C.**

/s/Seth Yurdin
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel. 401-824-5150
Fax: 401-824-5181

Pro hac vice

Robert D. City
City Hayes & Dissette
50 Congress Street
Boston, Massachusetts 02109