**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

**MOTION FOR**
**ATTORNEY'S FEES AND COSTS**

The defendant Trevi Icos Corporation seeks an order awarding it attorney's fees and costs. A memorandum in support of this motion is appended hereto.

Respectfully submitted,

TREVIICOS Corporation,
By its attorneys,

R. DANIEL PRENTISS, P.C.

/s/R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel. 401-824-5150
Fax: 401-824-5181

Pro hac vice

Robert D. City
City Hayes & Dissette
50 Congress Street
Boston, Massachusetts 02109

2018

**CERTIFICATION**

I hereby certify that on this 18th day of September, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

Robert D. City
City, Hayes & Dissette, P.C.
50 Congress Street
Suite 200
Boston, MA 02109

Marc B. Gursky
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/R. Daniel Prentiss

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

**INTRODUCTION**

This action was brought pursuant to the Employee Retirement and Income Security Act, 29 U.S.C. §1000 *et seq.* ("ERISA"), which permits the Court, in its discretion, to make an award of attorneys fees and costs to a party. 29 U.S.C. § 1132(g). The defendant Trevi Icos Corporation ("Trevi Icos") submits that this case presents the quintessentially appropriate circumstance for the Court's exercise of its discretion to award fees and costs. The case was brought for an illegitimate purpose, not for the benefit of employee benefit funds or their beneficiaries, but as an effort to facilitate a labor union's jurisdictional adventurism. The

result of the union's election to seek an ERISA solution to a purely jurisdictional dispute between two labor unions was an inordinately high cost of litigation to the defendant, and the involvement of this Court to determine a question that the parties by contract agreed would be submitted to arbitration. It is the perfect case for the Court's award of fees and costs.

## FACTS

The plaintiff is the administrator of four employee benefit funds administered for the benefit of members of Rhode Island Carpenters Local 94 ("Union"). The defendant Trevi Icos Corporation ("Trevi Icos") is a construction contractor based in Massachusetts that specializes in the operation of heavy excavation equipment for the construction of large foundations. Trevi Icos in 2003 received a subcontract in connection with a large construction project at the sewage treatment facility for the City of Warwick. Trevi Icos's subcontract was for the construction of subterranean drill shafts using a drilling machine known as the CM 120.

Prior to commencement of its work Trevi Icos conducted a meeting at the job site to explain its assignment of the work among the trades, including the Union and the Laborers International Union of North America ("Laborers"). At the meeting the Union's representative, William Holmes, asserted that he wanted one of his members assigned to the CM 120 operation. Trevi Icos declined. Holmes followed with a letter threatening to grieve the issue if the Union was not given the

assignment. Trevi Icos maintained its stand; the Union accepted Trevi Icos's assignment of the work to the Laborers[1], and the work proceeded to completion.

The collective bargaining agreement governing the relationship between Trevi Icos and the Union contains a provision for resolution through arbitration of disputes over work assignments. The evidence showed that this mechanism is an efficient, effective means for dispute resolution, which the Union had utilized at about the same time to pursue similar claims for work assignment (in each case unsuccessfully).

Trevi Icos completed its work on the Project by the fall of 2003. Trevi Icos paid all wages and benefits to or for the benefit of all of the workers whom it employed, and their respective employee benefit funds. Around the time of the completion of Trevi Icos's work, the Union representative who had sought a change in the work assignment attended a meeting of the trustees of the Union's employee benefits funds and requested that they initiate litigation under the guise of ERISA claims for unpaid benefits contributions. The trustees complied, and this litigation ensued.

The case proceeded to a bench trial beginning on April 16, 2007. At trial the evidence showed that the historic area practice, in which the Union had acquiesced, was that the assignment of work equivalent to that at issue here was to the Laborers. Then, in 2002 or 2003, the Union

---

[1] Trevi Icos assigned other work to members of the Union, so that it was on the job site and well aware of Trevi Icos's adherence to its assignment of the CM 120 work to the Laborers.

undertook an offensive to garner the work for itself. Two forays ended in arbitration awards denying the Union its relief. *Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.*, 2007 WL2570262, at *4 (D.R.I.). A third resulted in a settlement. This litigation represents the fourth of its efforts.

In its decision, the Court found that the area practice was indeed that the work is assigned to Laborers, not the Union, as the arbitrations had determined. Judgment entered on September 4, 2007 in favor of Trevi Icos on all counts.

Plaintiffs' unsuccessful effort in this case was nothing more than an attempted "end around" to avoid the provisions of the collective bargaining agreements, causing all parties additional time, expense and delay of resolution through litigation in federal court. This dispute could have and should have been resolved through the available grievance/arbitration provisions as set forth in the contract governing the relationship between the parties.

Pursuant to 29 U.S.C. § 1132(g), Trevi Icos moves this Court for entry of an order awarding attorney's fees and costs to Trevi Icos.

**LAW**

ERISA provides that in "any action ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). Such an award is at the Court's discretion. *Cook v. Liberty Life Assurance*

*Company of Boston*, 334 F.3d 122, 123 (1st Cir. 2003). In making such a determination, "[a]mong the factors that the Court may consider . . . are (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e. his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting in similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions." *Cottrill v. Sparrow, Johnson & Ursillo*, 100 F.3d 220, 225 (1st Cir. 1996); *Beauvais v. Citizens Financial Group, Inc.*, 418 F. Supp. 2d 22, 33 (D.R.I. 2006). 29 U.S.C. § 1132(g). These five factors are "exemplary rather than exclusive." *Cook* at 124. No particular factor is necessarily decisive and some may not even be appropriate to apply in a given case. *See Sikorski v. Sikorski*, 930 F. Supp. 804, 813 (E.D.N.Y. 1996). "An inquiring court may—indeed should—consider additional criteria that seem apropos in a given case." *Cottrill, supra.* A party moving for an award of attorney's fees in an ERISA action is not required to show bad faith on the part of the losing party, *Beauvais* at 33, but may show culpability through other factors. While Trevi Icos does not claim that the plaintiff acted in bad faith, it submits that there is ample evidence on which to base a finding of culpability.

1. The Plaintiff's Culpability

This litigation should never have been filed. The trustees of the Union's benefits funds permitted their administrator to be the Union's stalking horse for the Union's effort to expand its jurisdictional reach. They did this despite the fact that the Union's collective bargaining agreements provided a ready vehicle for resolution of exactly such claims as the Union sought to make here.

The trustees of the Union's benefits funds are fiduciaries. Their obligation is to the integrity of the funds to provide for the funds' participants and their beneficiaries. *Cf.* 29 U.S.C. §1104. They have no responsibility for the Union's aggrandizement.

Here, there can be no question that neither the funds' trustees nor the plaintiff were pursuing their independent assessment of the funds' obligations, or of the interests of the funds' participants and their beneficiaries. The funds' trustees simply acted in response to the request of the Union representative who had failed to pursue the jurisdictional claim in accordance with the collective bargaining agreement. The funds' actions were inseparable from the Union whose bidding they are doing. If this conduct does not rise the level of bad faith, it is certainly evidence of improper conduct that ought to be counted as culpability under the *Cottrill* factors.

2. Depth of Plaintiffs' Pockets

This factor's primary purpose is for protection of a party which cannot afford to pay an award of fees. *Cf. Cottrill* at 227. There is no evidence to suggest that is the case for the plaintiff. On the contrary, the record shows that the plaintiff is possessed of sufficient funds to retain counsel to facilitate the Union's creative expansionist strategies. This factor is not relevant to the fee award determination.

3. The extent (if at all) to which such an award would deter other persons acting in similar circumstances.

Deterrence is a significant factor that should be considered here. It is neither in the interest of the beneficiaries of union employee benefits funds, employers, nor of the courts, for jurisdictional disputes to be resolved outside of the provisions of a collective bargaining agreement which calls for arbitration of such disputes. While this Court is clearly capable of resolving these disputes, an arbitration panel has the proper expertise to resolve these issues in the most efficient manner. Jurisdictional disputes resolved through ERISA actions creates additional, delay, expense and uncertainty for all parties. An award of fees and costs should produce the salutary effect of discouraging the use of ERISA and the federal courts for limning the frontiers between two unions' jurisdictions.

4. The benefit (if any) that the successful suit confers on plan participants or beneficiaries generally

This factor does not apply, as it is the Defendant who prevailed.

5. The relative merit of the parties' positions.

The Plaintiff's claims have been found by the Court entirely without merit – finding in favor of Trevi Icos on all counts. This factor clearly supports Trevi Icos.

6. Other considerations

It may be so, as this Court noted in its decision on summary judgment, that ERISA permits what may be the "harsh consequences" of allowing an employee benefit fund to pursue an action against an employer without regard to a union's failure to exhaust its remedies through arbitration. *Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.* 474 F.Supp.2d 326, 334 (D.R.I., 2007). Such harsh consequences may include the risk to an employer of double payments to employee benefits funds, both for the union representing the employees who performed the work, and for the union claiming jurisdiction of the work. *Id.*, at 332.

This risk of harsh consequences to employers stems from fund trustees' "unique role within the realm of labor relations." *Id.*, at 333, quoting *Flynn v. Tiede-Zoeller, Inc.,* 412 F.Supp.2d 46 (D.D.C.2006). Though permitting trustees to pursue an action such as this one may be termed an "aberration," it is a consequence of Congress' intention "to give trustees a direct right of access to the courts in order *to vindicate the*

*rights of plan beneficiaries." Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp, supra,* at 333 (emphasis added).

When ERISA trustees elect to act under the special status that Congress afforded them, then they do so at the risk of the other aspects of the same statutory scheme. One of those is the provision of 29 U.S.C. § 1132(g) that permits the Court to make an award of attorneys' fees. The plaintiff in his post trial memorandum invoked the statute to seek an award of his own attorneys' fees against Trevi Icos.

Here, the Court in essence has found that the plaintiff's actions in pursuing this litigation had nothing to do with vindication of the rights of plan beneficiaries. It is entirely appropriate that an award of fees against the plaintiff given the outcome of this litigation.

**CALCULATION OF LODESTAR FIGURE – ATTORNEY'S FEES**

The First Circuit has stated when the relevant statute does not provide an alternate method for calculation of attorney's fees – as is the case with ERISA -- the "lodestar" method should be applied. *Tennessee Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994). *See also Radford Trust v. First Unum Life Ins. Co.*, 339 F. Supp. 2d 3, 9 (D. Mass. 2005) (rev'd in part on other grounds, 491 F.3d 21 (1st Cir. 2007)), *Hedley-White v. Unum Life Ins. Co.*, 1996 WL 208492, *3 (D. Mass. Mar. 6, 1996) (application of lodestar method in calculation of attorney's fees under 29 U.S.C. §1132(g)); *Adams v. Bowater Inc.*, 2004 WL 1572697, *3 (D. Me. May 19, 2004).

The "lodestar" is a threshold point of reference which is subject to additions or deductions for specific reasons. *Grendel's Den Inc. v. Larkin,* 749 F.2d 945, 950 (1st Cir. 1984). It is calculated by multiplying the total number of hours reasonably spent by a reasonable hourly rate. *Id.* The Court determines a reasonable hourly rate based upon prevailing rates in the community and "takes into account the qualifications, experience and specialized competence of the attorneys involved." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

As set forth in the affidavit of R. Daniel Prentiss filed herewith, Trevi Icos seeks an award for the work required for the investigation and trial of this matter for legal fees billed from the firms of Holland & Knight and subsequently R. Daniel Prentiss P.C, for 316.9 hours billed at rates ranging from $215 per hour to $375 per hour.[2]

In total, Trevi Icos seeks a grand total of $98,918.00 in attorney's fees.

1. The Hours as Billed Are Reasonable

The nature of this case was relatively involved both as to the legal issues involved and development of the facts. The litigation presented a novel effort to apply ERISA to a jurisdictional labor dispute. Preparation for trial of the case required extensive factual investigation into the details of the construction project, construction techniques, operation of

[2] At all times during this matter, Attorney Prentiss has been the supervising attorney. The change of billing firms reflects Attorney Prentiss leaving Holland & Knight and establishing his own firm. In addition, Trevi Icos is not seeking attorney's fees for initial efforts to seek removal of default nor does it seek charges associated with motions for *pro hac vice* admission of out of state counsel for the defendant.

the CM-120, and the area practice for similar work. The discovery in the case was at times contentious, necessitating motion practice. The trial involved additional motion practice, including the plaintiff's motion to exclude witnesses.

All time billed in this matter directly related to the preparation and resolution of the suit as initiated by plaintiffs and was necessary to properly defend and ultimately prevail on all claims.

2. The Hourly Rates are Reasonable

One supervising partner, and a number of associates worked on the case, charging $265 and $275 per hour while the representation was with the firm Holland & Knight, reduced to $345 per hour thereafter. The rates charged for associates ran between $225 and $265 per hour. These rates are reasonable for general commercial litigation in Providence Rhode Island; they are especially reasonable for complex litigation involving a novel application of ERISA. *See* Affidavits of R. Daniel Prentiss and Jeffrey S. Brenner.

## BILL OF COSTS

See Bill of Costs filed herewith.

## CONCLUSION

For the foregoing reasons, seeks an order awarding Defendant Trevi Icos $98,918.00 for attorney's fees and $2,691.74 for costs.

Respectfully submitted,

TREVIICOS Corporation,
By its attorneys,

R. DANIEL PRENTISS, P.C.

/s/R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel. 401-824-5150
Fax: 401-824-5181

Pro hac vice

Robert D. City
City Hayes & Dissette
50 Congress Street
Boston, Massachusetts 02109

2018

**CERTIFICATION**

I hereby certify that on this 18th day of September, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

Robert D. City
City, Hayes & Dissette, P.C.
50 Congress Street
Suite 200
Boston, MA 02109

Marc B. Gursky
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/R. Daniel Prentiss