**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Donald Lavin, in his official capacity as Co-Administrator of the Rhode Island Carpenters' Benefit Funds, hereby objects to Defendant's Motion for Attorney's Fees and Costs for the reasons set forth in Plaintiff's accompanying Memorandum of Law.

Donald Lavin
By his attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on October 5, 2007. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

R. Daniel Prentiss, Esq.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Elizabeth Wiens

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPTENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, *Plaintiffs*, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, *Defendant*. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S**
**MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff Donald Lavin hereby submits this Memorandum of Law in support of his Objection to Defendant's Motion for Attorney's Fees and Costs. For the reasons set forth below, Defendant's Motion for Attorney's fees should be denied.

## I. THE *GRAY* FACTORS WEIGH AGAINST AN AWARD OF FEES

In an ERISA case, a prevailing party does not, merely by prevailing, create a presumption that he or she is entitled to a fee-shifting award. Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220 (1st Cir. 1996). Rather, fee awards under ERISA are wholly discretionary. Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 259 (1st Cir. 1986). However, this discretion is not without standards. To channel its exercise, the First Circuit, in Gray v. New England Tel. & Tel. Co., enunciated five factors that should be weighed in determining a fee award. This five factor standard considers (1) the

degree of bad faith or culpability of the losing party; (2) the ability of such party to personally satisfy an award of fees; (3) whether such award would deter other persons acting under similar circumstances; (4) the amount of benefit to the action as conferred on the members of the pension plan; and (5) the relative merits of the parties' positions.

Id. at 258.

> Ability to satisfy an award, deterrence, and benefit conferred by the parties' positions are all relevant considerations in the decision to award a fee. Even if these factors favor a prevailing plaintiff more strongly than a prevailing defendant [citations omitted], [the First Circuit does] not believe that this result is out of keeping with the purposes of ERISA… ERISA was primarily intended to protect the interests of plan beneficiaries and participants… Factors may simply not weigh equally where defendants rather than plaintiffs seek fees.

Id. at 258-259.

"In terms of the first factor -- culpability -- the record contains no indication that [Plaintiff] exhibited bad faith." Cottrill, 100 F.3d at 226. Indeed, the Administrator of the Funds had a fiduciary duty to collect contributions which the Trustees of the Funds determined were due and owing. The Trustees have consistently interpreted the parties' Collective Bargaining Agreement and the Funds' Trust Agreements to require contributions on behalf of all employees performing covered work, irrespective of their union membership. Further, the Trustees, in good faith, determined that the installation of secant piles was the work of a pile driver. Contrary to Defendant's contention, there is no evidence that the case was brought for an "illegitimate purpose." Nor did the parties by contract agree to submit the issues involved in the case to arbitration. As this Court held in its decision on Defendant's Motion for Summary Judgment, the Funds have no duty to arbitrate nor are they bound by the actions (or inaction) of a labor union.

Further, there is nothing in the Court's decision that supports Defendant's unfounded statements that the Trustees were not acting in the best interest of the Funds' beneficiaries, but were acting on behalf of the Union. Indeed, the Court explicitly rejected the argument in its Memorandum and Order denying Defendant's Motion for Summary Judgment. See pp. 12-18. Accordingly, this factor weighs against an award of fees.

The second factor also weighs against an award of fees because the award will be paid out of plan assets to the possible harm of the participants and beneficiaries.

Next, a fee award is not necessary to deter other parties acting under the same circumstances. The Trustees of the Funds, through their Administrator, brought this suit to fulfill their fiduciary obligations. There has been no finding that the Funds did not have the authority (and indeed the duty) to collect contributions in this case. The Court merely found that the work in question was not covered under the parties' collective bargaining agreement. Further, deterrence already exists through ERISA's strict fiduciary standards.

The fourth factor – the benefit that the successful suit confers on plan participants or beneficiaries -- obviously cuts against Defendant. The purpose of this factor is to enable qualifying plaintiffs, regardless of their financial status, to bring ERISA actions if a common benefit would be conferred on plan members. See *Litigation Under ERISA: Attorney's Fees Under ERISA: When Is An Award Appropriate?* 71 CORNELL L. REV. 1037, 1060-1061 (July, 1986). Here, an award would harm, not benefit, plan participants and beneficiaries.

Last, Plaintiff's position had merit. It successfully defended Defendant's Motion for Summary Judgment. Contrary to Defendant's contention, the Court has not found

Plaintiff's claims to be entirely without merit. Accordingly, there is no support for Defendant's argument.

## II. DEFENDANT'S ATTORNEY'S FEES ARE NOT REASONABLE

Only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action. See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 225 (1st Cir. 1996); see also Martin v. Blue Cross & Blue Shield, 115 F.3d 1201, 1210 (4th Cir. 1997). Accordingly, because Defendant did not prevail in its Motion for Summary Judgment, it is not entitled to the fees incurred in relation to the Motion. Moreover, it would be unjust to award Defendant the fees associated with vacating the default.[1] If Defendant had not negligently failed to answer the Complaint, neither party would have accrued the legal fees associated with the removal of default.[2] Thus, the fees were also unreasonably accrued. Accordingly, Defendant's request for costs and fees associated with its Motion to Set Aside Default and Motion for Summary Judgment should be denied. The total amount of fees expended by Defendant in relation to its Motion to Set Aside Default and Motion for Summary Judgment is set forth below and relate to Exhibit A of the Affidavit of Daniel Prentiss.

### 1. Fees Related to Motion to Vacate Default

| DATE | FEE |
|---|---|
| 4/4/05 | $1377 (or a portion thereof) |
| 4/5/05 | $204 |

[1] Attorney Prentiss indicates in his Affidavit that he "excluded the charges that were made to Trevi Icos for the initial efforts to seek the removal of default," but not the charges associated with the litigation of Defendant's Motion to Remove Default following Plaintiffs' refusal to consent to removal.

[2] It should be noted that Plaintiff had the right to, but did not, seek an award of attorneys' fees associated with defending the removal of default.

| | |
|---|---|
| 4/21/05 | $172 |
| 4/26/05 | $46.86 (Hawk Investigations) |
| June 6, 2005 invoice: | $5588.30 |
| 3/10/05 | $27.50 |
| 3/11/05 | $382.50 |
| 3/14/05 | $51 |
| 3/16/05 | $127.50 |
| 3/24/05 | $153 |
| 3/25/05 | $127.50 |
| 3/29/05 | $433.5 |
| 3/30/05 | $127.5 |
| 3/31/05 | $204 |
| 4/3/05 | $127.5 |
| 4/15/05 | $127.5 |
| 4/20/05 | $51 |
| 4/22/05 | $51 |
| Subtotal | $9479.16 |

**2. <u>Prep for Summary Judgment Motion</u>**

| DATE | FEE |
|---|---|
| 8/03/05 | $1173 |
| April 3, 2006 Invoice | $15,096 |
| May 2, 3006 Invoice | $2932.50 |
| June 2, 2006 Invoice | $795.00 |

| | |
|---|---|
| March 1, 2007 Invoice | $345 |
| Subtotal | $24594.00 |
| **TOTAL** | **$34,073.16** |

**3. Costs**

Defendant's request for costs associated with Defendant's Motion to Set Aside Default and Motion for Summary Judgment should also be denied.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff requests that this Court deny, in whole or in part, Defendant's Motion for Attorney's Fees and Costs.

Donald Lavin
By his attorney,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq.
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on October 5, 2007. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the individual below has been effectuated by electronic means.

R. Daniel Prentiss, Esq.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Elizabeth Wiens