**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND CARPENTERS ANNUITY FUND, RHODE ISLAND CARPENTERS PENSION FUND, RHODE ISLAND CARPENTERS VACATION FUND, RHODE ISLAND CARPENTERS HEALTH FUND and DONALD LAVIN, in his official capacity as Co-Administrator of the Funds, Plaintiffs, | : | |
| v. | : | C.A. No. 04-163S |
| TREVI ICOS CORPORATION, Defendant. | : | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

Not surprisingly, in resisting the defendant Trevi Icos Corporation's motion for an award of attorneys' fees, the plaintiff Donald Lavin accentuates the ERISA provisions making such an award "wholly discretionary." Plaintiff's Memorandum of Law In Support of His Objection to Defendant's Motion for Attorney's Fees and Costs ("Plaintiff's Memo") at 3. Similarly predictable is Lavin's effort to gain traction under that standard by attempting to justify his initiation of this litigation. That effort founders, however, on the total lack of legitimate rationale for the funds' actions.

Lavin's principal thrust is his assertion that "The trustees have consistently interpreted the parties' Collective Bargaining Agreement and

the Funds' Trust Agreements to require contributions on behalf of all employees performing covered work, irrespective of their union membership." Plaintiff's Memo at 4. This assertion is not only without any evidentiary basis, but it is directly contradicted by the uncontested evidence adduced at trial. Lavin did not testify at the trial. No trustee appeared other than David Palmisciano, who testified that the that the Carpenters Union had never, prior to this instance, made a claim to entitlement to contributions for work that was actually performed by other trades. Tr. II-42-3.

The plaintiff cannot dispute that the Union had available a jurisdictional dispute mechanism in its Collective Bargaining Agreement, and the opportunity to make use of it; or that the Union, after threatening arbitration, elected to sit on its hands until the job was completed, and then asked the plaintiff's funds to initiate this litigation instead. This Court succinctly characterized the circumstances in its decision on summary judgment:

> As a practical matter, then, this is fundamentally a dispute over the jurisdiction of two unions about certain work. Of course, there is nothing new or special about such disputes; unions frequently tussle with each other over jurisdiction, particularly on large construction projects. But these disputes normally remain judicially subterranean, hinged as they are on the jurisdictional dispute resolution clauses found in almost every collective bargaining agreement requiring resolution to occur before the work has begun and in an alternative dispute resolution forum. ... The difference here, and the reason why this Court is now forced into the dispute, is that the Carpenters Union did not exercise its right under the dispute resolution mechanism contained in [the CBAs] to obtain a binding resolution to the agreement. Instead, the employee benefit funds (which are separate and distinct from the

> union, ... ) have joined the dispute using the ERISA foil in federal court.

*Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.*, 474 F.Supp.2d 326, 331-2 (D.R.I., 2007).

The plaintiff mistakenly cites this Court's decision on summary judgment, including the passage quoted above, as support for his argument that he and his funds were not acting on behalf of the Carpenters Union in bringing this action. Plaintiff's Memo at 5. That is not what the Court stated, and the uncontradicted evidence establishes otherwise. See Memorandum in Support of Motion for Attorney's Fees and Costs at 2-3. What this Court held is that the funds are distinct from the Union, and are therefore not held to the requirements of exhaustion of remedies that the Union would be. That is a legal conclusion emanating from an analysis of ERISA and labor law; it is not a factual finding on a very different question, which is whether the funds initiated this action based on an independent analysis of the welfare of their participants and beneficiaries, or acted without reflection at the Union's request. The evidence is overwhelming that the latter is the case.

This Court's statement that "this is fundamentally a dispute over the jurisdiction of two unions about certain work" is irrefutable. It ought to be equally irrefutable that the proper forum for resolution of such disputes is through the procedure provided in the collective bargaining agreement. That employee benefit funds have the legal right to pursue

such claims through an ERISA enforcement action does not mean that such actions are either practical or appropriate. There can be no question that the expense to Trevi Icos of having to defend this ERISA litigation, with the potential risk of double payment of employee benefits, was vastly greater than it would have incurred in dealing with a simple jurisdictional arbitration at the outset of the job. There is absolutely no reason that this Court should exercise its discretion to grant the plaintiff funds impunity for pursuing this wasteful and costly exercise when the Union had failed to pursue the remedies that were available to it. The funds obviously made their determination to chase this claim without investigation, for any meaningful investigation would have revealed the same facts that were found by the Court: the work is outside the Union's jurisdiction.

The plaintiff's argument that Trevi Icos is not entitled to compensation for fees it incurred in moving to vacate default, and moving for summary judgment, is equally misplaced. The governing criterion in an award of fees is whether the fees were reasonably incurred. That is not measured by the success or failure of every motion or step taken in the litigation, but rather whether the action was reasonably related to the party's pursuit of the fundamental claim in the litigation.

> Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those

> battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

*Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991).

> So long as statutes allow prevailing parties to recover attorneys fees "reasonable" in amount, we are not prepared to link our definition of "reasonable" to whether the fees are incurred in pursuit of a successful task.

*Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 526 (7th Cir. 1995)

All of the fees for which Trevi Icos seeks compensation here were reasonably incurred. Trevi Icos has acknowledged its responsibility for the initial fees expended to remove the default entered because of its failure to answer the complaint. However, on reaching that point, it had clearly provided sufficient basis in the record to demonstrate both that it had a meritorious defense to the case, and that the circumstances justified removal of the default. The plaintiff's perseverance in resisting removal of default at that point became unreasonable, placing an unnecessary burden on both the Court and Trevi Icos. It was entitled to do so, but at its own peril. The plaintiff was well aware of the fee-shifting provisions of ERISA, having invoked them in his complaint seeking an award of his fees against Trevi Icos. Trevi Icos prevailed on this motion, and should be compensated for the expense incurred in clearing this hurdle.

Trevi Icos did not prevail overall on its motion for summary judgment. However, it cannot be argued that this motion was unreasonably filed. The Court agreed with Trevi Icos that the funds

themselves lacked standing to bring this action. *Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.*, 474 F.Supp.2d at 330. As to the core issue raised in the motion, the Eighth Circuit Court of Appeals agreed with Trevi Icos's position, the First Circuit had not addressed it, and this Court characterized the Eighth Circuit's reasoning as "more sensible" from a public policy standpoint. Id., at 334. It cannot be argued that it was unreasonable for Trevi Icos to bring that motion.

The plaintiff offers no authority to support its contention that Trevi Icos should be denied fees for either removal of the default, or for its motion for summary judgment. The case law supports the opposite conclusion. *Cabrales*, supra (plaintiff entitled to fees for opposing petition for certiorari which was granted, when plaintiff ultimately prevailed in the case); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Uniroyal Goodrich Tire Co.,* supra (award of attorney's fees to prevailing party for unsuccessful motions, including unsuccessful summary judgment motions). To deny fees simply based upon whether a task was successful "would be [to] discourag[e] the type of representation attorneys are duty-bound to provide." *Id.* Here, Trevi Icos's summary judgment motion was in fact reasonable and plaintiff is without basis for claiming it should be excluded from the award of attorney's fees.

## CONCLUSION

For the foregoing reasons and the reasons set forth in its Memorandum in Support of its Motion for Fees and Costs, Trevi Icos seeks an order awarding it $98,918.00 for attorney's fees and $2,691.74 for costs.

Respectfully submitted,

TREVIICOS Corporation,
By its attorneys,

R. DANIEL PRENTISS, P.C.

/s/R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel. 401-824-5150
Fax: 401-824-5181

Pro hac vice

Robert D. City
City Hayes & Dissette
50 Congress Street
Boston, Massachusetts 02109

2018

## CERTIFICATION

I hereby certify that on this 11th day of October, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

Robert D. City
City, Hayes & Dissette, P.C.
50 Congress Street
Suite 200
Boston, MA 02109

Marc B. Gursky
Gursky Law Associates
420 Scrabbletown Road
Suite C
North Kingstown, RI 02852

/s/R. Daniel Prentiss